Filed 3/4/15  P. v. Dominguez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JASON KEITH DOMINGUEZ,<br><br>  Defendant and Appellant. | F067897<br><br>(Super. Ct. No. CRM026674A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Marc A. Garcia, Judge.

Jake Stebner, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Gomes, Acting P.J., Kane, J. and Smith, J.

A jury convicted appellant, Jason Keith Dominguez, of second degree burglary (count 1/Pen. Code, § 460, subd. (b)) and possession of drug paraphernalia (count 2/Health & Saf. Code, § 11364.1, subd. (a)).  In a separate proceeding the court found true a prior prison term enhancement (Pen. Code, § 667.5, subd. (b))  Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

In the early morning of February 27, 2013, two men threw a cinder block through a glass door of a Pep Boys store in Merced and stole stereo equipment and gloves. Shortly after the robbery, at approximately 1:30 a.m., Merced Police Officer William McComb responded to a call at the store.  After clearing the building with other officers who arrived on the scene, a man informed McComb that the suspects who broke into the store were last seen going into room 112 at the Siesta Motel.

Sidney Hamilton and Cathy Ryan lived at the Siesta Motel in room 112.  Shortly after the burglary at Pep Boys, Dominguez and Rudy Garibaldi arrived at the room carrying stereo equipment and asking for Hamilton.  Upon entering the room, Garibaldi began taking his clothes off and Dominguez sat down next to Hamilton.  Three to six minutes after their arrival, Officer McCombs and another officer arrived at the room and knocked on the door.  Hamilton answered the door and allowed the officers inside the room.  Officer McCombs noticed that Garibaldi was wearing a brand new pair of gloves and that the room contained stereo equipment that could have been stolen from Pep Boys. The officers detained Garibaldi and removed him from the room.  While speaking with Dominguez, Officer McCombs noticed that he was fidgeting with his hands inside a plastic crate that he was sitting on.  McComb asked Dominguez what he had in his hands and Dominguez showed him a type of pipe that is commonly used to smoke methamphetamine, which the officer confiscated.  Additionally, a bag containing clothes

2.

that appeared to match the clothing worn by the two suspects in the Pep Boys surveillance video was found on the ground between Dominguez's legs.

On April 3, 2013, the district attorney filed an information charging Dominguez with the two charges he was convicted of and the prior prison term enhancement found true by the trial court.

On May 30, 2013, a jury found Dominguez guilty of the two substantive offenses and the court found true the prior prison term enhancement.

On August 12, 2013, the court sentenced Dominguez to an aggregate three-year prison term; a two-year term on his burglary conviction, a concurrent 90-day term on his possession of drug paraphernalia conviction, and a one-year prior prison term enhancement.

Dominguez's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) However, in a document filed in response to our invitation to submit additional briefing, Dominguez contends: 1) the transcript of a recorded interview between Garibaldi and a district attorney investigator that was played for the jury is different from the recorded version of the interview that was played for the jury; 2) Ryan and Hamilton were promised that they would be released from custody in exchange for their testimony; 3) Garibaldi testified that he took an amplifier off the shelf and the surveillance video showed that the burglar who threw the cinder block through the glass door was the only one who took boxes off store shelves; 4) Dominguez was arrested wearing a black jacket and he did not match the description of either suspect; 5) the clothing found in the trash bag located between Dominguez's legs did not match anything the burglars wore; 6) an officer's testimony during the preliminary hearing indicated that the time on the video did not match "the time on the alarm call" which means that the video was altered; 7) in his testimony before the jury, the store manager implicated Dominguez in another burglary; 8) Dominguez's

defense counsel was not assigned the case until a week before trial and she received it from an attorney who failed to get any evidence from the prosecution because he assumed Dominguez was going to accept a plea bargain. We will reject these contentions.

The audio and video recordings that were played for the jury are not part of the appellate record. Thus, contention Nos. 1 and 3 are not properly before this court because they rely on facts outside the record. (*People v. Barnett* (1998) 17 Cal.4th 1044, 1183 ["review on a direct appeal is limited to the appellate record"].) Similarly, contention No. 8 is also not properly before us because it too relies on facts outside the appellate record.

Further, contention Nos. 4, 5, and 6, in effect challenge the sufficiency of the evidence. "When an appellant challenges the sufficiency of the evidence to support a conviction, the appellate court reviews the entire record to see '"whether it contains substantial evidence—i.e., evidence that is credible and of solid value—from which a rational trier of fact could have found the defendant guilty beyond a reasonable doubt."' [Citation.] We view the facts in the light most favorable to the judgment, drawing all reasonable inferences in its support. [Citations.] We do not reweigh the evidence, resolve conflicts in the evidence, or reevaluate the credibility of witnesses. [Citations.] The test on appeal is not whether we believe the evidence established the defendant's guilt beyond a reasonable doubt, but whether ""*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.""" (*People v. Cochran* (2002) 103 Cal.App. 4th 8, 12-13.)

"While mere unexplained possession of stolen property is not alone sufficient to justify conviction of burglary [citations], it is well established that the possession of recently stolen property is incriminating and in such circumstances there need be only slight corroboration tending to show a defendant's guilt to warrant conviction [citations.] In this connection, the failure of the defendant to establish that he had honestly obtained

4.

the property in question is itself a strong circumstance tending to prove his guilt." (*People v. Harris* (1968) 266 Cal.App. 2d 426, 427-428.)

The evidence at trial established that within an hour of the burglary at Pep Boys, Dominguez and Garibaldi were found in possession of stereo equipment that had been stolen from the store. Further, Dominguez did not provide any explanation for his possession of the stereo equipment and although during his trial testimony Garibaldi denied identifying Dominguez as the second burglar, during an interview with a district attorney investigator Garibaldi admitted that he committed the burglary with Dominguez. The jury could reasonably have found Dominguez guilty of burglary based on these circumstances alone. Accordingly, we reject Dominguez's challenges to the sufficiency of the evidence.

Further, the record does not support Dominguez's contentions that Hamilton and Ryan were promised release from custody in exchange for their testimony or that the store manager implicated him in another burglary at the store. Hamilton and Ryan were subpoenaed to testify and failed to appear. During the trial both were in custody because of the previous failures to appear and after they testified the defense counsel asked that they be subject to recall. In order to ensure their appearance in the event they were recalled, the court did not release them until the jury began deliberating the case. Thus, there is no merit to Dominguez's contention that the court released Ryan and Hamilton from custody in exchange for their testimony.

Further, during the store manager's testimony, when asked whether he had gone to the Siesta Motel the night of the burglary, the manager responded "No, no. Actually Mr. Dominguez's name was previously mentioned -- [.]" However, he was not able to finish his answer before defense counsel interposed an objection that the court sustained. After the jury was removed from the courtroom, defense counsel moved for a mistrial based on the court's earlier ruling in limine that Dominguez's name could not be mentioned with respect to an attempted burglary at the Pep Boys store on February 13,

5.

2013. The court, however, denied the motion because the only thing the jury heard was the manager's ambiguous statement that Dominguez's name came up. Thus, there is no merit to Dominguez's remaining contention that the manager implicated him in another burglary in front of the jury.

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.